# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PRICE,<br><br>            Plaintiff,<br><br>      v.<br><br>S.R. CUNNINGHAM, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-00425-AWI-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S <u>IN FORMA PAUPERIS</u> STATUS BE REVOKED<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Fred Price ("Plaintiff") is a prisoner proceeding pro se and <u>in forma pauperis</u> in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2010, Defendants filed a motion requesting revocation of Plaintiff's in forma pauperis status and dismissal of this lawsuit. (Doc. #19.) Plaintiff filed an opposition on July 1, 2010. (Doc. #25.) Defendants filed a reply on July 6, 2010. (Doc. #24.) Plaintiff filed a response to Defendants' reply (hereinafter referred to as Plaintiff's surreply) on July 16, 2010. (Doc. #26.)

For the reasons set forth below, the Court finds that Plaintiff has, on three previous cases, filed actions that have been dismissed for failing to state a claim. The Court further finds that Plaintiff was not in imminent danger at the time he filed this action. Accordingly, the Court will recommend that Plaintiff's <u>in forma pauperis</u> status be revoked.

**I.    Background**

Plaintiff filed the original complaint in this action on March 24, 2008. (Doc. #1.) The Court screened Plaintiff's complaint on February 21, 2010. (Doc. #11.) The Court found that Plaintiff's complaint stated cognizable claims against Defendants Cunningham and Mullins for deliberate

1

indifference toward a serious risk to Plaintiff's safety and use of excessive force in violation of the Eighth Amendment. The Court also found that Plaintiff stated a cognizable claim against Cunningham for retaliation. All other claims raised in Plaintiff's complaint were dismissed on April 5, 2010. (Doc. #17.)

On June 15, 2010, Defendants filed a motion requesting revocation of Plaintiff's in forma pauperis status. Defendants argue that Plaintiff's in forma pauperis status should be revoked pursuant to 28 U.S.C. § 1915(g) because Plaintiff previously filed three lawsuits which were dismissed for failing to state a claim. Defendants further argue that this action should be dismissed because Plaintiff is not entitled to proceed in forma pauperis.

## II. Discussion

### A. Plaintiff's Strikes

The Prison Litigation Reform Act provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[I]f defendants challenge a prisoner-plaintiff's IFP status . . . the initial production burden rests with the defendants." Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). "Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim." Id. (quoting 28 U.S.C. § 1915(g)). "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id.

Defendants have identified three previous lawsuits filed by Plaintiff which they contend are strikes under the PLRA. Defendants contend that 1) Price v. Parks, case no. 2:02-cv-05955-UA-SH (C.D. Cal., August 21, 2002); 2) Price v. Rianda, case no. 2:02-cv-07526-UA-SH (C.D. Cal., October 3, 2002); and 3) Price v. Parks, case no. 2:02-cv-07724-UA-SH (C.D. Cal., October 16,

2002) count as strikes against Plaintiff. Thus, the burden of persuasion shifts to Plaintiff to show that these prior dismissals do not qualify as strikes.

### 1.     Price v. Parks, case no. 2:02-cv-05955-UA-SH Counts as a Strike

Plaintiff concedes that Price v. Parks, case no. 2:02-cv-05955-UA-SH, should count as a strike.

### 2.     Price v. Rianda, case no. 2:02-cv-07526-UA-SH Counts as a Strike

Plaintiff argues that Price v. Rianda, case no. 2:02-cv-07526-UA-SH, should not count as a strike. Plaintiff contends that the claims he raised in this lawsuit were all cognizable but the court erred and misconstrued Plaintiff's claims "as an attack on his 25 to life prison term." (Petitioner's Opp'n to Defendant's[sic] Cunningham and Mullins' Mem. of P. & A. in Supp. of Their Request to Revkoe Pl.'s In Forma Pauperis Status and to Dismiss the Case 3:7-16, ECF No. 25.) Plaintiff argues that this lawsuit should not count as a strike because it was an "inappropriate denial by the court." (Opp'n 4:1-3, ECF No. 25.)

Plaintiff's lawsuit appears to have been dismissed because it was barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where a prisoner files a Section 1983 action that would necessarily imply the invalidity of the conviction or sentence, the claims are not cognizable unless the prisoner can establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997). "[A] prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck, 512 U.S. at 489. Accordingly, the Court finds that dismissals under Heck count as strikes under the PLRA as dismissals for failure to state a claim.

Plaintiff argues that Price v. Rianda, case no. 2:02-cv-07526-UA-SH, should not count as a strike because it was erroneously decided. There is some evidence that it was an improper dismissal. In the attachment to the order denying leave to proceed in forma pauperis, the central district reasoned that Plaintiff's claims were barred by Heck because "plaintiff is challenging the fact of his 15-month SHU sentence, rather than the conditions of his confinement." (Defs. Cunningham and Mullins' Notice of Mot. and Mot. to Revoke Pl.'s In Forma Pauperis Status and to Dismiss the Case,

Ex. D, at 2, ECF No. 19.) However, Plaintiff's lawsuit should not be barred by Heck if it merely challenged the validity of his disciplinary sanctions. See Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (favorable termination rule from Heck does not apply to Section 1983 suits challenging disciplinary hearing or administrative sanction that does not affect overall length of prisoner's confinement). Assuming Plaintiff's 15 month SHU sentence had no effect on the fact or duration of his criminal conviction, Plaintiff's claims should not be barred by Heck.

Defendants argue that the PLRA does not provide Plaintiff with an opportunity to re-litigate earlier dismissals in different lawsuits. Defendants provide no support for this assertion. An assertion of issue preclusion may prevent Plaintiff "from relitigating an issue decided in a previous action." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050 (9th Cir. 2008). However, "[t]he burden is on the party seeking to rely upon issue preclusion to prove each of the elements [required for asserting issue preclusion] have been met." Id. at 1050-51. Defendants have not attempted to assert issue preclusion or attempted to show that any of the elements required for asserting issue preclusion have been met.

However, the Court is reluctant to stray beyond the text of the PLRA and impose a requirement that previous strikes withstand the scrutiny of reconsideration every time a litigant requests IFP status or a defendant moves to revoke IFP status. The PLRA states that previous lawsuits dismissed for failure to state a claim counts as strikes and there is no reasonable dispute that Price v. Rianda, case no. 2:02-cv-07526-UA-SH, was dismissed for failure to state a claim – erroneously or otherwise. Plaintiff's only recourse was to appeal the prior court's decision or request reconsideration of the ruling. Accordingly, the Court will count Price v. Rianda, case no. 2:02-cv-07526-UA-SH, as a strike.

### 3. Price v. Parks, Case No. 2:02-cv-07724-UA-SH Counts as a Strike

Plaintiff argues that Price v. Parks, case no. 2:02-cv-07724-UA-SH, should not count as a strike because it "is not a lawsuit as the defendants claim in their motion." (Opp'n 4:4-11, ECF No. 25.) Plaintiff also argues that the lawsuit should not count as a strike because it was dismissed for lack of jurisdiction. Plaintiff contends that a dismissal based on lack of jurisdiction does not count as a strike because it is not the same as a dismissal based on the failure to state a claim.

1    Defendants note that lack of jurisdiction was only one of the enumerated grounds for which
2 Price v. Parks, case no. 2:02-cv-07724-UA-SH, was dismissed. The Court order also indicates that
3 the lawsuit was dismissed because it was barred by Heck v. Humphrey. Accordingly, Plaintiff's suit
4 should count as a strike because it was dismissed pursuant to Heck. See discussion supra Part II.A.2.

5    Plaintiff also raises several confusing arguments regarding whether appeals can count as
6 strikes. Plaintiff's arguments are presumably related to his assertion that Price v. Parks, case no.
7 2:02-cv-07724-UA-SH, "is not a lawsuit." It is unclear how Plaintiff's arguments regarding appeals
8 apply to this case because none of the cases cited by Defendants are appeals. Accordingly, Plaintiff's
9 arguments regarding appeals are unavailing. The Court will count Price v. Parks, case no. 2:02-cv-
10 07724-UA-SH, as a strike.

## B. Imminent Danger Exception

The PLRA also includes an imminent danger exception for prisoner-litigants who do not qualify for in forma pauperis status. Plaintiff argues in his surreply[1] that he should qualify for the imminent danger requirement if the Court finds that he has three strikes. Plaintiff states that he was in imminent danger of serious physical injury when he filed his complaint, as evidenced by the fact that he was transferred to a different prison on February 4, 2008. Plaintiff was placed on a sensitive needs yard at the new prison for his own protection because he was known as a "snitch."

"[T]he exception applies if the danger existed at the time the prisoner filed the complaint. In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (internal citations omitted).

This action was filed after Plaintiff was transferred to a new prison and placed on a sensitive needs yard for his safety. Plaintiff fails to demonstrate how or why he was still in imminent danger on March 24, 2008, when he filed the complaint in this action and was living on a sensitive needs
///

---

[1] Plaintiff's surreply is improper. By local rule, proper motion practice only consists of a motion, an opposition, and a reply. Local Rule 230. Plaintiff has not requested leave to file a surreply. However, the Court will address the arguments raised in Plaintiff's surreply because they has no impact on the recommendations of this Court.

yard and no longer housed in the prison where Defendants work. Accordingly, the Court finds that Plaintiff does not qualify for the imminent danger exception.

### C. Leave to Pay Filing Fee

Defendants argue that this action should be dismissed because Plaintiff does not qualify for IFP status and Plaintiff failed to pay the filing fee. Defendants have failed to identify any authority that supports their contention that this action must be dismissed because Plaintiff cannot proceed in forma pauperis. The Court finds that dismissal would be a particularly harsh sanction because of the possibility that Plaintiff's claims would be barred by the statute of limitations. Accordingly, the Court will provide Plaintiff with the opportunity to proceed in this action by tendering the remaining balance of his filing fee.

## III. Conclusion and Recommendation

The Court finds that Plaintiff is not entitled to proceed in forma pauperis in this action. Plaintiff has, on three previous occasions, filed actions which were dismissed for failing to state a claim. Further, Plaintiff has not demonstrated that he qualifies for the imminent danger exception.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status be REVOKED; and
2. Plaintiff be given an opportunity to pay the remaining balance on his filing fee for this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

///
///
///

1 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 | IT IS SO ORDERED.

4 | **Dated:   March 10, 2011**                          /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE