1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  FRED PRICE,                                    CASE NO. 1:08-cv-00425-AWI-SMS PC

10              Plaintiff,                         ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS AND REVOKING
11      v.                                         PLAINTIFF'S IN FORMA PAUPERIS STATUS

12  S. R. CUNNINGHAM, et al.,                      (ECF Nos. 27, 33)

13              Defendants.                        ORDER GRANTING PLAINTIFF'S MOTION
                                                   FOR JUDICIAL NOTICE
14
                                                   (ECF No. 34)
15
    _____/          FORTY-FIVE DAY DEADLINE
16

17        Plaintiff Fred Price ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18  in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint

19  filed March 24, 2008, against Defendants Cunningham and Mullins for deliberate indifference to a

20  serious risk to Plaintiff's safety and use of excessive force in violation of the Eighth Amendment and

21  Defendant Cunningham for retaliation.  (ECF No. 1.)  The matter was referred to a United States

22  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23        Defendants filed a motion to revoke Plaintiff's in forma pauperis status on June 15, 2010,

24  and Plaintiff filed an opposition on July 1, 2010.  (ECF Nos. 19, 25.)  Defendants filed a reply on

25  July 6, 2010, and Plaintiff filed a response on July 16, 2010.  (ECF Nos. 24, 26.)  On March 10,

26  2011, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's in

27  forma pauperis status be revoked.  (ECF No. 27.)  Plaintiff filed objections on April 21, 2011.  (ECF

28  No. 33.)  On May 3, 2011, Plaintiff filed a motion for the Court to take judicial notice of the order

1

1  transferring the action.  (ECF No. 34.)

2          Plaintiff argues that Price v. Parks, 2:02-cv-07724-UA-SH, should not count as a strike

3  because it was dismissed for lack of jurisdiction and failure to state a claim.  While actions that are

4  dismissed for lack of jurisdiction are not strikes, they can count as strikes in some circumstances.

5  O'Neal v. Price, 531 F.3d 1146, 1155 n9 (9th Cir. 2008).  Here the action was dismissed for failure

6  to state a claim, as well as lack of jurisdiction and it does constitute a strike under 28 U.S.C. 1915(g).

7  Additionally, Plaintiff argues that the Magistrate Judge should have undertaken a de novo review

8  of Price v. Rianda, 2:02-cv-07526-UA-SH, because he alleges that it was erroneously dismissed for

9  failure to state a claim.  The order dismissing this action clearly states that Plaintiff set forth three

10  claims, none of which were cognizable under section 1983.  If Plaintiff disagreed with the dismissal

11  of this action his recourse was to file an appeal.  This action also constitutes a strike under 28 U.S.C.

12  1915(g).

13          Finally, Plaintiff argues that the Magistrate was incorrect in determining that he was not in

14  imminent danger at the time that he filed his complaint.  Plaintiff invokes the mailbox rule.  Since

15  Plaintiff placed the complaint in the mail and was not transferred until a later date, he argues that he

16  was in imminent danger when the complaint was filed.  Plaintiff is correct that it is the circumstances

17  that the inmate faces at the time the complaint is filed that are considered for the purposes of

18  determining imminent danger.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007.)

19          Generally in a civil action the filing of the complaint is simultaneous with submission of the

20  complaint.  O'Neal, 531 F.3d at 1151.  However, where the plaintiff is proceeding in forma pauperis

21  the process is different.  The suit is filed when the court authorizes the commencement of the suit

22  without prepayment of fees.  Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).  Where an

23  inmate submits a complaint and will be proceeding in forma pauperis the complaint would not be

24  considered filed at the time it was placed in the prison mail. O'Neal, 531 F.3d at 1151.  Plaintiff was

25  transferred on February 4, 2008.  Plaintiff's Response 1, ECF No. 26.  The Court will grant

26  Plaintiff's motions and takes judicial notice that this action was transferred to the Eastern District

27  on March 24, 2008.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd,

28  645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  The complaint was lodged on February

1    12, 2008, by the Northern District and in forma pauperis status was granted on March 11, 2008.

2    Plaintiff was not in imminent danger at the time the complaint was filed as he had already been

3    transferred from the institution.

4            In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

5    de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings

6    and recommendations to be supported by the record and by proper analysis.

7            Accordingly, IT IS HEREBY ORDERED that:

8            1.      The findings and recommendations, filed March 10, 2010, is adopted in full;

9            2.      Plaintiff's motion for judicial notice is GRANTED;

10           3.      Defendants' motion to revoke Plaintiff's in forma pauperis status, filed June 15,

11                   2010, is GRANTED;

12           4.      Plaintiff's in forma pauperis status is REVOKED and the order granting Plaintiff's

13                   application to proceed in forma pauper on March 11, 2008, is VACATED to the

14                   extent it permitted Plaintiff permission to pay the civil filing fee pursuant to the

15                   installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and (2);

16           5.      Plaintiff must, within forty five (45) days from the date this order is filed, submit the

17                   entire $350 civil filing fee the Clerk of Court as required by 28 U.S.C. § 1914(a); and

18           6.      If Plaintiff fails to do so, the Court will enter an Order dismissing this action.

19

20   IT IS SO ORDERED.

21

22   Dated:    May 24, 2011                          _____

23                                                   CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28