.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRED PRICE,                                    CASE NO. 1:08-cv-00425-AWI-BAM PC

                    Plaintiff,

                                               ORDER DENYING PLAINTIFF'S MOTION TO
        v.                                     COMPEL (ECF No. 65, 67, 69)

S. R. CUNNINGHAM, et al.,                      ORDER DENYING PLAINTIFF'S MOTION
                                               TO STAY SUMMARY JUDGMENT (ECF Nos.
                    Defendants.                79, 80)
_____/

**I.    Background**

        Plaintiff Fred Price ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint,

filed March 24, 2008, against Defendants Cunningham and Mullins for violations of the First and

Eighth Amendments.  On November 21, 2011, an order issued opening discovery in this action.

(ECF No. 53.) On July 19, 2012, Plaintiff filed a motion for a protective order.  (ECF No. 64.)  On

July 23, 2012, Plaintiff filed a motion to compel discovery.  (ECF No. 65.)  Defendants filed an

opposition to the motion for a protective order on August 6, 2012, and an opposition to the motion

to compel on August 7, 2012.  (ECF Nos. 66, 67.)  On August 15, 2012, Plaintiff filed a reply to the

opposition to the motion for a protective order, and on August 24, 2012, Plaintiff filed a reply to the

opposition to the motion to compel.  (ECF Nos. 68, 69.)

        On October 8, 2012, Defendants filed a motion for summary judgment.  (ECF No. 72.)  On

October 16, 2012, Defendants were ordered to file supplemental briefing on Plaintiff's motion for

1

1  a protective order within fifteen days.[1]  (ECF No. 75.)  On October 19, 2012, Plaintiff's motion for

2  an extension of time to file an opposition to the motion for summary judgment was granted.  (ECF

3  No. 77.)  On October 25, 2012, Plaintiff file a motion to stay the motion for summary judgment, and

4  on October 26, 2012, Defendants filed a statement of non-opposition to the motion to stay.  (ECF

5  Nos. 79, 80.)

6  **II.    Motion to Compel**

7      **A.    Legal Standard**

8          "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

9  party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery

10  appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

11  26(b)(1).  If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his

12  motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform

13  the Court which discovery requests are the subject of his motion to compel, and, for each disputed

14  response, inform the Court why the information sought is relevant and why Defendants' objections

15  are not meritorious.

16          For document production requests, responding parties must produce documents which are

17  in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a

18  party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof

19  or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW

20  LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469

21  (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206,

22  at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at

23  *1 (E.D.Cal. Mar. 19, 2010).

24      **B.    Plaintiff's Motion to Compel Discovery**

25          Plaintiff states that he is moving for a motion to compel Defendant Cunningham to produce

26  documents in response to his first and second set of his request for production of documents,

27  _____

28          [1] Plaintiff's motion for a protective order will be addressed by separate order after Defendants' supplemental
    briefing is filed.

however the Court notes that the requests were made in the first second, and third request for production of documents.

### 1.   Requests for Production of Documents Defendants Contend Do Not Exist

Plaintiff's request for production of documents, set one, no. 1 states:

> The Facility 4A-Building 3 Daily Housing Unit Log Book Pages for November 9, 2006, and November 15, 2006, as well as November 16, 2006.

Plaintiff's request for production of documents, set two, no. 1 states:

> In the defendants [sic] response to plaintiff's first set of Interrogatory No. 6. The [sic] defendant responded that he did not go to the plaintiff's cell on November 12, 2006 [sic] with Sergeant Mack.  The plaintiff did inform the responding party on November 12, 2006, that he desired a cell move because he was not getting along with his cellmate.  However, the plaintiff did not indicate that there were any safety concerns.  The responding party informed Sergeant mack [sic] of the plaintiff's desire to be moved to a different cell and the move was approved.  This move could not be completed in the short time before the responding party came to the plaintiff's cell in response to his violently kicking on the cell door for help. Attach a copy of facility 4A Housing unit 3 Daily Log page describing plaintiff's request for a cell move.

Plaintiff's request for production, set two, no 2 states:

> Also attach a copy of Sergeant Mack's Daily Log page that he prepared describing plaintiff's request for a cell move.

Defendant's response to all these request for production of documents states:

> Objection. Housing unit log books are used by staff to record any number of events occurring within the housing unit and contain a great deal of information concerning the inmates in that housing unit. Their production would violate the privacy rights of those inmates. Furthermore, they could jeopardize the safety and security of the institution, staff, and inmates by, for example, assisting an inmate to identify another inmate and determine his cell assignment so as to carry out an attack. Without waiving these objections, responding party states that it has nothing responsive to this request. Housing unit log books are only retained for a limited amount of time. The plaintiff is seeking log books from six years ago and they have been purged pursuant to the institution's retention schedule.

Plaintiff's request for production, set three, no. 1 states:

> In response to plaintiff's Request for Production of Documents No. 1, Set Two, to attach a copy of Facility 4A housing unit 3 Daily Log page describing plaintiff's request for a cell move. You in your response to Production of Documents No. 3, state that housing unit log books are only

3

retained for a limited amount of time. The plaintiff is seeking log books
from six years ago and they have been purged pursuant to the institution's
retention schedule.

Plaintiff therefore request [sic] that you produce for inspection and
copying "The Institution's Retention Schedule Log for the period you
claim the facility 4A unit 3 Daily Log Book for November 9, 10, 11, 12,
2006 was purge." [sic]

Defendant's response to request for production, set three, no. 1 states:

Objection. Unlikely to lead to the discovery of admissible evidence.
Without waiving this objection, the responding party has nothing
responsive to this request. A "Institution's Retention Schedule Log" does
not exist.

**Plaintiff's argument:**  Plaintiff argues that the Operational Manual for the Department of

Corrections and Rehabilitation requires that the prison maintain a records management program

and they must comply with CDCR's Records Retention Handbook.  Plaintiff contends that

Defendants' claim there is no "Institutions Retention Schedule Log" is false.  Plaintiff states that

under section 14060.6 the guidelines for the legal retention, disclosure, and destruction of records

are listed in each operational unit's Record Retention Schedule.  It is Plaintiff's position that

records are not destroyed every five years.  Plaintiff alleges that Defendants are lying about the

records being purged and refuse to provide proof that they have been purged.  Plaintiff argues

that the Operations Manual requires CDCR to maintain a master inactive records list and allows

for retrieval of these records by contacting the local archives liaison for transfer and retrieval

instructions.  Plaintiff contends that Defendants failed to retrieve inactive list and requests that

Defendants be required to produce responsive documents.

**Defendants' argument:** Defendants submit a declaration of the litigation coordinator at

the California Correctional Institution who states that she has made a search for the records that

were requested and they were unable to be located.  Based upon the institutions records retention

schedule, the log books for November 2006 should have been purged prior to Plaintiff making

his requests.  No record is kept of when log books are purged, however since they are unable to

be located the only conclusion that could be reached is that they have been purged.  Defendants

argue that the Operations Manual for the CDCR does not state that CDCR must preserve for

eternity all documents that are created.  The section Plaintiff references specifically refers to the

1   disposition of records, contemplating that they will be disposed of at some time.  Plaintiff fails to

2   produce evidence that the records still exist.

3       Further Plaintiff is seeking an "Institution Retention Schedule Log."  The institution does

4   not maintain such a log and therefore it cannot be produced.  While the regulations referenced by

5   Plaintiff refers to a "Record Retention Schedule," it does not refer to or require that the

6   institution maintain a log of records that are destroyed, which is apparently what Plaintiff is

7   attempting to obtain.

8       **Ruling:**  It is Plaintiff's responsibility to adequately identify the documents to be

9   produced.  Plaintiff did not request that Defendants request the master inactive list, nor does

10  Plaintiff demonstrate that this list applies to the documents that he is requesting.  While section

11  14060.6.8 of the Operations Manual does provide a procedure for the transfer of inactive records

12  for off site storage, it also states that inactive records can be stored at the facility.  Further,

13  section 14060.6.8 provides procedures for storage of records at the CDCR Archives, which

14  section 14060.3 defines as "[t]he storage location of discharged inmate/parolee records."

15  Defendants have responded that there are no responsive documents and Plaintiff has failed to

16  show that documents responsive to this request do exist.  **Plaintiff's motion for additional**

17  **production is DENIED.**

18              **3.      Plaintiff's Requests for Affidavits**

19      Plaintiff's request for production, set three, no. 2 states:

20          In Plaintiff's interrogatory, SET TWO, Interrogatory No. 4, Plaintiff
            requested an affidavit from the California Correctional Institution at
21          Tehachapi Departmental Head, declaring under penalty of perjury that the
            requested documents were purge. [sic]
22
            You stated this request was a request for production of documents, and not
23          an interrogatory.

24          Plaintiff therefore request [sic] that you produce an affidavit from the
            California Correctional Institution at Tehachapi Department Head, under
25          penalty of perjury and stating that the Facility 4A Housing Unit 3 Daily
            Log pages for November 9, 10, 11, 12, 2006 no longer exist because the
26          Log book was purge [sic] pursuant to the Institutions [sic] Retention
            Policy.
27

28      Plaintiff's request for production, set three, no. 3 states:

Please submit an Affidavit from the Departmental Head at California Correctional Institution at Tehachapi, that the unit Program Sergeant's Daily Log Book for November 12, 2006 no longer exist [sic], because it was purge [sic] pursuant to the Institution's Retention policy.

Defendant's response to request for production, set three, nos. 2 and 3 states:

Objection. Under the Federal Rules of Civil Procedure, a response to a request for production of documents does not need to be verified. Furthermore, the responding party is not obligated to create documents in response to a request for production of documents.

**Plaintiff's argument:** Plaintiff argues that Defendants are refusing to provide proof that the records he is requesting have been destroyed.

**Defendants' argument:** Plaintiff is requesting that Defendant Cunningham have an individual who is not a party to this lawsuit create a declaration. The Federal Rules do not require a document to be created in response to a request for production of documents.

**Ruling:** Plaintiff is requesting that a non party create a document in response to his requests for production. Federal Rule of Civil Procedure 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production. Alexander v. F.B.I., 194 F.R.D. 305, 310 (D.D.C. 2000). Plaintiff's request for Defendants to create responsive documents is improper, thus Defendants' response is sufficient. **Plaintiff's request for additional production is DENIED.**

**III.   Motion for Stay**

Plaintiff moves to stay Defendants' motion for summary judgment until his motion to compel has been decided. Since the motion to compel has been addressed by this order, Plaintiff's motion to stay is denied as moot.

**IV.   Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed July 23, 2012, is DENIED; and

2.      Plaintiff's motion for a stay, filed October 25, 2012, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **October 29, 2012**                          **/s/ Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE

6