UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PRICE, | CASE NO. 1:08-cv-00425-AWI-BAM PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER |
| v. | (ECF No. 64, 66, 68, 82) |
| S. R. CUNNINGHAM, et al., | |
| Defendants. | |

**I.    Background**

Plaintiff Fred Price ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed March 24, 2008, against Defendants Cunningham and Mullins for violations of the First and Eighth Amendments.  On November 21, 2011, an order issued opening discovery in this action. (ECF No. 53.)  On July 19, 2012, Plaintiff filed a motion for a protective order.  (ECF No. 64.) Defendants filed an opposition to the motion for a protective order on August 6, 2012.  (ECF Nos. 66.)  On August 15, 2012, Plaintiff filed a reply to the opposition to the motion for a protective order. (ECF Nos. 68.)  At the order of the Court, Defendants filed a supplement on October 30, 2012, describing the medical records that have been received in response to the subpoena duces tecum. (ECF No. 82.)

**II.    Motion for a Protective Order**

Plaintiff moves for a protective order because Defendants have served a subpoena duces tecum for his medical records.  Plaintiff contends that he has supplied the relevant medical records

1

and the subpoena is too broad and is attempting to obtain irrelevant information.  Plaintiff requests a protective order to keep Defendants from "enforcing" the subpoena.

Defendants oppose the motion on the grounds that Plaintiff's medical records are highly relevant to the claims of excessive force and injuries that Plaintiff alleges he sustained from the incident.  Defendants contend that they requested Plaintiff sign a medical release and, when he refused, his medical records were subpoenaed.

Subpoenas duces tecum are governed by Federal Rule of Civil Procedure 45 which allows for the production of documents from persons who are not parties to the action.  Fed. R. Civ. P. 34(c).  Further, a subpoena duces tecum is limited to seeking relevant evidence as set forth in Fed. R. Civ. P. 26(b).  Heilman v. Lyons, No. 2:09-cv-02721 KJN P, 2010 WL 5168871, *1 (E.D.Cal. Dec. 13, 2010).  Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998).  To achieve this purpose Rule 26(b) is liberally interpreted to allow broad discovery "of all information reasonably calculated to lead to the discovery of admissible evidence."  Jones v. Commander, Kansas Army Ammunitions Plant, Dept. of Army, 147 F.R.D. 248, 250 (D.Kan. 1993); Oakes, 179 F.R.D. at 283.  Discovery requests are relevant if there is any possibility that the information sought could be relevant to the subject matter of the action.  Id.

Under Federal Rule of Civil Procedure 26(c), where there is good cause, a protective order should be granted to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."

Plaintiff correctly argues that the subpoena duces tecum is overly broad and seeks information that is irrelevant to the claims proceeding in this action.  While Defendants claim that Plaintiff's medical records are highly relevant, the subpoena simply requests all of Plaintiff's medical records. (ECF No. 64 at 15.)  The incidents at issue in this action occurred on November 12, 2006.

Some of Plaintiff's medical records prior to November 12, 2006, may be relevant if they deal with medical complaints similar to those that Plaintiff is raising at the current time. However, Defendants subpoena does not limit the records request by subject matter. Plaintiff's medical records after the event would be relevant to Plaintiff's claims that he has developed health problems due to the incident. Since the subpoena requests all medical records without limiting the time period or requesting records related to the medical conditions that are at issue in this action, Defendants' subpoena is overly broad. Defendants sought all medical records without limiting the subject matter or time period of the records.

The medical records received by Defendants include records from 1983 to the present. While a limited amount of these records would be calculated to lead to discoverable evidence, the records received clearly exceed those that would be relevant here. The incident at issue occurred on November 12, 2006, and Plaintiff claims that as a result of being pepper sprayed he has developed a lung disease. Accordingly, medical records for a period of time prior to the incident would be discoverable for Defendants to determine if Plaintiff had similar medical complaints prior to the incident. Since Plaintiff is complaining of injuries that have developed after November 12, 2006, those records would be discoverable as Plaintiff alleges that he has developed a health condition based on the November 12, 2006 incident. Accordingly, the Court will limit the subpoena duces tecum to discovery of Plaintiff's medical records from January 1, 2005, through the present. Defendants are to provide Plaintiff with a copy of these records. All other medical records that have been produced in response to the subpoena duces tecum shall be returned.

**III.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a protective order, filed July 19, 2012, is GRANTED;
2. The production of records for the subpoena duces tecum shall be limited to medical records from January 1, 2005, through the present;

///
///
///

3. Defendants shall provide Plaintiff with a copy of the medical records from January 1, 2005, through the present; and

4. The remaining records produced in response to the subpoena shall be returned.

IT IS SO ORDERED.

Dated: __October 31, 2012__      __/s/ Barbara A. McAuliffe__
                  UNITED STATES MAGISTRATE JUDGE