1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   FRED PRICE,                          )   Case No.: 1:08-cv-00425-AWI-BAM (PC)
                                          )
12              Plaintiff,                )   FINDINGS AND RECOMMENDATIONS
                                          )   REGARDING DEFENDANTS' MOTION FOR
13        v.                              )   SUMMARY JUDGMENT
                                          )   (ECF No. 72)
14   S. R. CUNNINGHAM, et al.,            )
                                          )
15              Defendants.               )   TWENTY-ONE DAY DEADLINE
                                          )
16                                        )
                                          )
17   _____ )

18                          **Findings and Recommendations**

19   **I.      Background**

20          Plaintiff Fred Price ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

21   pursuant to 42 U.S.C. § 1983.  This action proceeds on the complaint, filed March 24, 2008, against

22   Defendants Cunningham and Mullins for deliberate indifference to a serious threat to Plaintiff's safety

23   and use of excessive force in violation of the Eighth Amendment; and against Defendant Cunningham

24   for retaliation against Plaintiff's exercise of his First Amendment rights.  (ECF No. 14.)

25          Currently pending before the Court is Defendants' motion for summary judgment filed on

26   October 8, 2012.  (ECF No. 72.)  Plaintiff filed an opposition to the motion on November 19, 2012.

27   (ECF Nos. 87, 89, 90.)  Defendants filed a reply on November 28, 2012, and Plaintiff filed a surreply

28   on December 10, 2012.  (ECF No. 92.)  The motion is deemed submitted.  Local Rule 230(l).

                                              1

## II.     Legal Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (internal quotations and citations omitted).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to scour the record for triable issues of fact.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference

2

to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

### A.    Summary of Relevant Allegations in Complaint

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California.  The events at issue are alleged to have occurred while Plaintiff was housed at the California Correctional Institution in Tehachapi, California ("CCI-Tehachapi").   In relevant part, Plaintiff alleges as follows:

On November 9, 2006, Plaintiff was told by inmate Foster, Plaintiff's cell-mate at the time, that if he did not move, his life would be in danger.  Plaintiff told Defendants Cunningham and Mullins that he needed a cell move to avoid being attacked by inmate Foster.  (ECF No. 1, p. 9.) Defendants Cunningham and Mullins laughed at him and denied his request.

On November 12, 2006, inmate Foster packed Plaintiff's property and told Sailor that Plaintiff needed a cell move because Plaintiff would be in danger.  Plaintiff agreed.  Later that day, Plaintiff was still not moved from his cell.  Foster "stated that Plaintiff thinks this prison life is a joke."  (ECF No.1, p. 11.)  Foster grabbed a shiny object from between his mattress, which prompted Plaintiff to start kicking and hitting the cell door.  The control booth officer ordered Plaintiff to stop kicking the door.  Defendant Cunningham and another officer, Hartman, arrived and ordered Plaintiff to stop kicking the door.  Plaintiff attempted to explain that Foster had a weapon, but Defendant Cunningham told Plaintiff that he was not moving.  Plaintiff told Foster "to do what he said he would do" but Foster said he would do it later.  (ECF No. 1, p. 11.)  Defendant Cunningham then opened the food slot and ordered Plaintiff to cuff up.  Defendant Cunningham closed the food slot and nodded at inmate Foster. Foster then stood up and punched Plaintiff in the forehead.  Plaintiff, in an attempt to defend himself, kicked inmate Foster one time in the face.  (ECF No. 1, p. 12.)  As Plaintiff struggled with Foster, Defendant Cunningham stated "again, again." (ECF No. 1, p. 12.)  Defendant Cunningham then opened the cell door and ordered Foster to cuff up.  Defendant Cunningham then told Foster to step aside from the food slot and pepper sprayed Plaintiff.

Plaintiff also alleges that Defendant Cunningham violated his rights by giving away Plaintiff's property to another inmate in retaliation for a staff complaint filed by Plaintiff.  Defendant

Cunningham allegedly gave some of Plaintiff's property to inmate Foster after they were removed from their cell.  (ECF No. 1, pp. 28-29.)

**B.     Statement of Undisputed Material Facts**

<u>Procedural Compliance with Local Rule 260</u>

Despite receiving notice of the requirements for opposing summary judgment, Plaintiff failed to file a statement admitting or denying the facts set forth by Defendants as undisputed.  Local Rule 260(b).  Instead, Plaintiff simply stated that he disputed each of Defendants' undisputed facts.  (ECF No.87, p. 2.)  Plaintiff also filed a separate statement of disputed facts.  (ECF No. 90.)

Defendants have requested entry of summary judgment based on Plaintiff's failure to comply with Local Rule 260(b).  The Court does not find that entry of summary judgment is warranted on that basis given Plaintiff's filing of a separate statement of disputed facts.  However, as Plaintiff did not file a statement admitting or denying the facts set forth by Defendants, the Court shall accept Defendants' statement of undisputed facts except where brought into dispute by Plaintiff's separate statement of disputed facts or by his verified complaint.  Jonas v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

<u>Undisputed Material Facts</u> ("UMF")

1.   Plaintiff was incarcerated at CCI-Tehachapi from 2002 to 2008. (Ex. A to Declaration of Ochoa.)

2.   In 2006, Defendants Mullins and Cunningham were employed as correctional officers at CCI-Tehachapi.  (Declaration of Mullins ("Mullins Dec."), ¶ 1; Declaration of Cunningham ("Cunningham Dec."), ¶ 1; ECF No. 90, Plaintiff's Undisputed Material Fact No. 1.)

3.   In the early part of November 2006, Plaintiff was moved into a cell with an inmate named Foster.  (Deposition of Plaintiff, 13:4-14:1; Ex. A to Declaration of Wilson ("Wilson Dec.")

4.   The cell was in building (or housing unit) number three.  (Deposition of Plaintiff, 14:11-24, Ex. A to Wilson Dec.)

4

5.  Plaintiff began to have problems with Foster two or three days after being moved into the new cell.  (Deposition of Plaintiff, 15:20-23, Ex. A to Wilson Dec.)

6.  In November 2006, Defendant Mullins was assigned as an officer in housing unit number four (a.k.a. "building four").  (Mullins Dec. ¶ 2.)

7.  On November 9, 2006, Defendant Mullins went to building three to help staff in that unit with the distribution of meals.  (Mullins Dec. ¶ 2)

8.  On that day, Plaintiff expressed to Defendant Mullins a desire to move to a different cell.  (Mullins Dec. ¶ 2; ECF No. 90, Plaintiff's Undisputed Material Facts Nos. 4, 7.)

9.  Defendant Mullins informed Plaintiff that he could not move him to another cell.  (Mullins Dec. ¶ 7.)

10. Plaintiff allowed inmate Foster to pack up his property for him.  (Deposition of Plaintiff, 33:8-10, Ex. A to Wilson Dec.)

11. Foster packed Plaintiff's property into sheets and plastic bags.  (Deposition of Plaintiff, 33:8-10; Plaintiff's Undisputed Material Fact No. 4.)

12. On November 12, 2006, Plaintiff informed Defendant Cunningham of his desire to move into a different cell.  (Cunningham Dec. ¶ 8; ECF 90, Plaintiff's Undisputed Material Fact Nos. 11, 14.)

13. At some point, Plaintiff started kicking his cell door.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 22; Cunningham Dec. ¶ 12.)

14. Defendant Cunningham and Hartman approached the cell and observed that it was Plaintiff that was kicking the door.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 24; Cunningham Dec. ¶ 12.)

15. Defendant Cunningham ordered him to stop, and Plaintiff complied.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 23; Cunningham Dec. ¶ 12.)

16. Plaintiff began talking to his cellmate Foster.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 26; Cunningham Dec. ¶ 13.)

17. Defendant Cunningham ordered Plaintiff to submit to being placed into handcuffs.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 28; Cunningham Dec. ¶ 14.)

18. Plaintiff complied and Defendant Cunningham placed him into handcuffs through the open tray slot on the cell door.  (Cunningham Dec. ¶ 14; ECF No. 90, Plaintiff's Undisputed Material Fact No. 29.)

19. Defendant Cunningham directed Plaintiff to move to the back of the cell and directed Foster to come to the front of the cell so that he too could be placed in handcuffs.  (Cunningham Dec. ¶ 14.)

20. Plaintiff moved to the back of the cell.  (Cunningham Dec. ¶ 15.)

21. Inmate Foster came to the cell door, bent over at the waist to a 90 degree angle, and placed his hands into the tray slot in the door so that Defendant Cunningham could place him into handcuffs.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 35; Cunningham Dec. ¶ 15.)

22. At some point, Plaintiff kicked inmate Foster.  (ECF No. 90, Plaintiff's Undisputed Material Fact No. 34; Cunningham Dec. ¶ 15.)

23. Defendant Cunningham put his hand through the tray slot and attempted to push inmate Foster to the side.  (Cunningham Dec. ¶ 16; ECF No. 90, Plaintiff's Undisputed Material Fact No. 38.)

24. Inmate Foster moved aside slightly and Defendant Cunningham discharged pepper spray through the tray-slot into the cell and directed it at Plaintiff.  (Cunningham Dec. ¶ 16; ECF No. 90, Plaintiff's Undisputed Material Fact No. 38.)

25. Defendant Cunningham finished placing inmate Foster into handcuffs.  (Cunningham Dec. ¶ 16.)

26. Defendant Cunningham then ordered that the cell door be opened.  (Cunningham Dec. ¶ 17.)

27. He ordered that both inmates exit the cell.  (Cunningham Dec. ¶ 17.)

28. As Foster exited the cell, Defendant Cunningham noticed that blood was dripping from his nose.  (Cunningham Dec. ¶ 17.)

29. Officers Santa Maria and Reed then escorted Foster out of the building.  (Cunningham Dec. ¶ 17; Exs. D and E to Ochoa Dec.)

6

30. Defendant Cunningham escorted Plaintiff out of the building.  (Cunningham Dec. ¶ 17.)

31. Once outside the building, Officers Yoder and Wood took over the duty of escorting Plaintiff.  (Cunningham Dec. ¶ 17.)

32. Both inmates were seen by LVN Keyes.  (Ex. H to Ochoa Dec.)

33. Keyes found that Foster was bleeding from a small cut on the top of his nose and a small laceration of the top of his right eye.  (Ex. H to Ochoa Dec.)

34. Plaintiff told Keyes that Foster hit him in the head and that he kicked Foster in the face.  (Ex. I to Ochoa Dec.)

35. Foster told Keyes that he was handcuffed in his cell when another inmate hit him in his face.  (Ex. J to Ochoa Dec.)

36. Plaintiff was found to have a small bruise on his forehead.  (Ex. H to Ochoa Dec.)

37. Plaintiff states that he is alleging a failure to protect claim against Defendant Mullins but that he is not alleging an excessive force claim against Mullins.  (Deposition of Plaintiff, 19:5-18, Ex. A to Wilson Dec.)

38. On November 16, 2006, Defendant Cunningham performed an inventory of Plaintiff's property, and delivered property to Plaintiff.  (Cunningham Dec. ¶ 20; ECF No. 90, Plaintiff's Undisputed Material Fact No. 42.)

39. An inmate appeal regarding Plaintiff's interest in being moved to a new cell was received by the inmate appeals office on November 17, 2006.  (Ex. K to Ochoa Dec.)

40. Defendant Cunningham did not become aware that Plaintiff had filed an inmate appeal regarding his desire to move to a new cell until sometime after that appeal had been received the inmate appeal office at the prison.[1]  (Cunningham Dec. ¶ 19.)

///

///

---

[1]    Plaintiff attempts to dispute this fact by claiming that Officer Sailor, who did not work in the Appeals Office, but worked with Defendant Cunningham, was able to view the appeal before it was received and filed with the Appeals Office. Although Plaintiff provides evidence that Officer Sailor was aware that Plaintiff filed an inmate appeal regarding an ongoing problem with inmate Foster, this evidence does not raise a triable issue of fact that Defendant Cunningham was aware of the appeal.  (ECF No. 87, Ex. S to Plaintiff's Opposition.)  Plaintiff's assertion is unsupported by the evidence and is based on mere conjecture.

III.   **Discussion**

   **A.  Plaintiff's Eighth Amendment Claims**

      **1.  Deliberate Indifference to Safety**

   Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citation omitted).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)), and that the prison official was deliberately indifferent to the risk of harm, id. at 837.  To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

   Defendant Mullins

   Defendant Mullins argues that there is no evidence that he failed to protect Plaintiff because (1) the evidence indicates that Plaintiff initiated the altercation with inmate Foster; and (2) Defendant Mullins was unaware of any underlying facts indicating that Plaintiff was facing a sufficiently substantial danger.  (ECF No. 72-2, pp. 13-14.)  Defendant Mullins therefore concludes that he is entitled to summary judgment.

   The Court recommends that Defendant Mullins be denied summary judgment on this claim.  Genuine issues of material fact exist as to whether Plaintiff was assaulted by inmate Foster and whether Defendant Mullins knew of the risk of assault by inmate Foster and failed to move Plaintiff from the cell.  With regard to the alleged assault, Defendants admit that an altercation took place between Plaintiff and inmate Foster on November 12, 2009.  However, Defendants contend that Plaintiff initiated the altercation.  (ECF No. 72-2, p. 13.)  In contrast, Plaintiff has presented evidence, in the form of his verified complaint and declaration, that inmate Foster assaulted him on November 12, 2006, after Plaintiff was placed in handcuffs by Defendant Cunningham.  (ECF No. 1, p. 12; ECF

8

1    No. 87, p. 64, Declaration of Plaintiff ¶¶ 30-32.)  Plaintiff's evidence creates a genuine dispute

2    regarding who initiated the altercation and whether Plaintiff was assaulted by inmate Foster.

3         Defendant Mullins further contends that he was unaware of any underlying facts indicating that

4    Plaintiff was facing a sufficiently substantial danger from his cellmate.  However, Plaintiff has

5    presented evidence, in the form of his verified complaint and declaration, that he informed Defendant

6    Mullins that he had received threats to his safety from his cellmate, inmate Foster, that he required a

7    cell move, and that Defendant Mullins did not effectuate a cell move.  (ECF No. 1, p. 9; ECF No. 87,

8    p. 59, Declaration of Plaintiff ¶¶ 3, 5-6.)  Plaintiff's evidence creates a genuine dispute regarding

9    whether or not Defendant Mullins was aware that Plaintiff faced a substantial risk and failed to

10    respond.

11         The Court therefore concludes that Plaintiff has raised triable issues of fact regarding whether

12    Defendant Mullins was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

13         <u>Defendant Cunningham</u>

14         Defendant Cunningham contends that there is no evidence that he failed to protect Plaintiff

15    because (1) it does not appear the Plaintiff was facing any particularly substantial danger; (2) Plaintiff

16    initiated the fight with inmate Foster; and (3) Defendant Cunningham was in the process of moving

17    Plaintiff from the cell when Plaintiff challenged inmate Foster and kicked him in the head.  (ECF No.

18    72-2, pp. 14-15.)

19         The Court recommends that Defendant Cunningham be denied summary judgment on this

20    claim.  Plaintiff has presented evidence that he informed Defendant Cunningham on more than one

21    occasion that he faced a risk of assault from his cellmate and required a cell move, that Defendant

22    Cunningham did not move Plaintiff from the cell with inmate Foster, and, as discussed above, that

23    inmate Foster assaulted Plaintiff on November 12, 2006, after Plaintiff was handcuffed by Defendant

24    Cunningham.  (ECF No. 1, pp. 9, 12; ECF No. 87, pp. 59-60, Declaration of Price ¶¶ 3, 5, 12-13, 18,

25    24, 30-32.)  Accordingly, the Court finds that Plaintiff has raised triable issues of fact regarding

26    whether Defendant Cunningham was deliberately indifferent to a substantial risk of serious harm to

27    Plaintiff.

28    ///

## 2. Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6-7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. at 7 (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Defendant Mullins

The Court recommends that summary judgment be entered in favor of Defendant Mullins on Plaintiff's claim of excessive force in violation of the Eighth Amendment. Plaintiff has admitted that he is not alleging an excessive force claim against Defendant Mullins, and he does not argue that Defendant Mullins should be denied summary judgment on this claim. (UMF 37; ECF No. 87, pp. 35-40.)

<u>Defendant Cunningham</u>

The Court recommends that summary judgment be entered in favor of Defendant Cunningham on Plaintiff's claim of excessive force in violation of the Eighth Amendment.  The undisputed evidence indicates that Plaintiff and inmate Foster were involved in an altercation in their cell, both were handcuffed (to some degree), Plaintiff kicked inmate Foster, and Defendant Cunningham then used pepper spray on Plaintiff.  (UMF Nos. 17, 18, 22-25.)

Plaintiff attempts to raise a triable issue of fact by arguing that he could not reach inmate Foster to kick him, and that Defendant Cunningham's use of force was not done in good faith.  Plaintiff's argument is unsupported.  Plaintiff has admitted to kicking inmate Foster.  (UMF No. 22.)  A legitimate penological reason exists to use pepper spray to break up an admittedly ongoing in-cell fight between inmates.

Plaintiff also suggests that inmate Foster initiated the attack on Plaintiff following the "go ahead" by Defendant Cunningham to assault Plaintiff, and that Defendant Cunningham used pepper spray to cover up the attack.  (ECF No. 87, p. 36; ECF No. 87, p. 64, Declaration of Price ¶ 32.)  However, the undisputed evidence demonstrates that Defendant Cunningham utilized the pepper spray after the altercation started and Plaintiff kicked inmate Foster.  (UMF Nos. 22-24.)  The undisputed evidence also demonstrates that following the use of pepper spray, Defendant Cunningham was able to complete the handcuffing of inmate Foster and remove both inmates from the cell.  (UMF Nos. 23-27.)  It is evident that Defendant Cunningham utilized the pepper spray in a "good faith effort to maintain or restore discipline."  <u>Hudson</u>, 503 U.S. at 6-7.  Defendant Cunningham could not allow the inmates to continue their altercation.  The Court therefore concludes that Plaintiff has failed to raise triable issues of material fact regarding Defendant Cunningham's need for the application of force.

**B.  Plaintiff's First Amendment Retaliation Claim**

Plaintiff claims that Defendant Cunningham retaliated against him for filing a staff complaint by giving away Plaintiff's property to another inmate.

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under <u>section 1983</u>.  <u>Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2</u>003).  Retaliation against a prisoner for the exercise of his right to file a grievance is itself a

constitutional violation, prohibited as a matter of clearly established law.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995.)  Within the prison context, "[a] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).  The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293 (1995)).  The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

The Court recommends that summary judgment be entered in favor of Defendant Cunningham on Plaintiff's claim of retaliation.  It is undisputed that Defendant Cunningham performed an inventory of Plaintiff's property on November 16, 2006, and returned property to Plaintiff on that date.  (UMF No. 38.)  Whether Defendant Cunningham returned all or only a portion of Plaintiff's property to him on that date is immaterial, because it is undisputed that Plaintiff's appeal regarding his request for a cell move was received by the inmate appeals office on November 17, 2006, and Defendant Cunningham was unaware of that appeal until some later time.  (UMF Nos. 38-40.)  In other words, Plaintiff has not offered any admissible evidence, aside from conjecture, to suggest that Defendant Cunningham was aware of the inmate appeal on November 16, 2006, when he inventoried and returned Plaintiff's property.  (ECF No. 87, Ex. S to Plaintiff's Opposition.)  The Court therefore finds Plaintiff has not come forward with facts showing a genuine dispute that Defendant Cunningham took some adverse action against Plaintiff *because of* Plaintiff's inmate appeal. Rhodes, 408 F.3d at 567.

### C.  Qualified Immunity

Defendants argue that they are entitled to qualified immunity because they could not have reasonably believed that their actions had violated Plaintiff's constitutional rights.

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al-Kidd, ─── U.S. ───, ───, 131 S.Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011) (citations omitted). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 2155, 150 L.Ed.2d 272 (2001) overruled in part by Pearson v. Callahan, 555 U.S. at 236, 129 S.Ct. at 818. The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Ashcroft, 131 S.Ct. at 2080. This does not require that the same factual situation must have been decided, but that existing precedent would establish the statutory or constitutional question beyond debate. Id. at 2083; Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir.2011). The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir.2010) (quoting Tortu v. Las Vegas Metro. Police Dep't., 556 F.3d 1075, 1085 (9th Cir.2009)). District courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236, 129 S.Ct. at 818.

For the reasons stated above, the Court has found that Defendants Cunningham and Mullins are entitled to summary judgment on Plaintiff's Eighth Amendment excessive force claim and that Defendant Cunningham is entitled to summary judgment on Plaintiff's First Amendment retaliation claim. As the Court found no constitutional violations, Defendants are therefore entitled to qualified immunity on these claims.

However, the Court does not find that Defendants are entitled to qualified immunity on the remainder of Plaintiff's claims; that is, Defendants Mullins and Cunningham are not entitled to qualified immunity on Plaintiff's Eighth Amendment deliberate indifference claim. As discussed, the Court has found that there are genuine issues of material fact regarding this claim and whether Defendants violated Plaintiff's constitutional rights. Accordingly, at this time, the Court cannot make a determination as to whether Defendants violated Plaintiff's clearly established constitutional rights.

IV.     **Conclusion and Recommendation**

For the reasons discussed above, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on October 8, 2012, be GRANTED IN PART and DENIED IN PART as follows:

a.  Summary judgment be GRANTED in favor of Defendant Cunningham and Mullins on Plaintiff's claim of excessive force in violation of the Eighth Amendment;

b.  Summary judgment be DENIED on Plaintiff's claim of deliberate indifference to safety in violation of the Eighth Amendment against Defendants Cunningham and Mullins.

c.  Summary judgment be GRANTED in favor of Defendant Cunningham on Plaintiff's claim of retaliation in violation of the First Amendment; and

d.  Defendants Cunningham and Mullins be DENIED qualified immunity on Plaintiff's claim of deliberate indifference to safety in violation of the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 29, 2013**           /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE

14