UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. R. CUNNINGHAM, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-00425-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 72, 94) |

　　　Plaintiff Fred Price ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 24, 2008.

　　　On August 29, 2013, the Magistrate Judge issued Findings and Recommendations that the motion for summary judgment filed by Defendants Cunningham and Mullins be granted in part and denied in part. The Findings and Recommendations were served on the parties and contained notice than any objections were to be filed within twenty-one days. (ECF No. 94.) On September 12, 2013, Plaintiff filed objections to the findings and recommendations. (ECF No. 95.) No other objections were filed.

　　　Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendant Cunningham on Plaintiff's claim of excessive force. In particular, Plaintiff asserts that the Magistrate Judge erred in finding that a legitimate penological reason existed for

1

Defendant Cunningham to use pepper spray to break up an admittedly ongoing in-cell fight between inmates.  Plaintiff believes that the Magistrate Judge misunderstood the fact that Plaintiff had dropped to his knees, faced the cell wall and was no longer a threat to his cellmate.  Plaintiff's assertion of fact in no way alters the conclusion reached by the Magistrate Judge that Defendant Cunningham used pepper spray in a good faith effort to maintain or restore discipline.  The undisputed evidence demonstrates that Defendant Cunningham utilized pepper spray after an altercation started between Plaintiff and his cellmate and Plaintiff kicked his cellmate.  Instead of raising a genuine dispute of material fact, Plaintiff's assertion that he was facing the cell wall when Defendant Cunningham discharged his pepper spray into the cell supports the conclusion that the use of force was *de minimis* and excluded from constitutional protection.  Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (Eighth Amendment prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of force).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on August 29, 2013, are adopted in full;
2. Defendants' motion for summary judgment, filed on October 8, 2012, is GRANTED IN PART and DENIED IN PART as follows:
   a. Summary judgment is GRANTED in favor of Defendant Cunningham and Mullins on Plaintiff's claim of excessive force in violation of the Eighth Amendment;
   b. Summary judgment is DENIED on Plaintiff's claim of deliberate indifference to safety in violation of the Eighth Amendment against Defendants Cunningham and Mullins.
   c. Summary judgment is GRANTED in favor of Defendant Cunningham on Plaintiff's claim of retaliation in violation of the First Amendment; and

        d.     Defendants Cunningham and Mullins are DENIED qualified immunity on Plaintiff's claim of deliberate indifference to safety in violation of the Eighth Amendment.

3. This action shall proceed on Plaintiff's claim of deliberate indifference to safety in violation of the Eighth Amendment against Defendants Cunningham and Mullins; and

4. This action is referred back to the Magistrate Judge for further proceedings in this matter consistent with this order.

IT IS SO ORDERED.

Dated:   September 27, 2013

SENIOR DISTRICT JUDGE

3